The opinion of the Court was delivered by
Johnston, Ch.
In the will of the testator, he says: “ I will to my son, William, during his natural life, the use and benefit of the following negroes, and other personal property: my negro woman Patsy and her three children, Rachel, Betsy and Lucy, and also my negro man named Bob ; but the said negroes not to be removed from the State, or be disposed of by him, or any other person, whatsoever, but to remain exclusively for the annual support of my said son and family.”
Creditors of the son have levied executions on certain of these slaves; and his wife and children, claiming an interest in the slaves, have brought their bill to restrain the creditors.
The Chancellor, at the hearing, was of opinion, upon evidence of sufficient weight to support his judgment, that the *295 slaves disposed of by the testator were his property, at the time his will came into operation ; and, of course, the will must control the rights of property afterwards.
The question is necessarily presented, whether the plaintiffs, as the family of the legatee, William Wylie, Junior, take any interest, under the will, and what is the nature of that interest ?
These parties insist that the will intended a benefit to them, and that whatever interest was conferred by the instrument upon Wm. Wylie, as the head of the family, was coupled with a trust in their favor; and in this position they are supported by authority.
To create a trust it is not necessary that the word should be employed in the instrument. It was said by Lord Eldon, in King vs. Denison, (a) that the word “ trust ” not being made use of “is a circumstance to be attended to, but nothing more; and if the whole frame of the will creates a trust, for the particular purpose of satisfying which the estate is devised, the law is the same, though the word ‘trust’ is not used.”
“ Thus,” says a good elementary writer, (b) “ when a gift in a will is expressed to befor the benefit of others, or to be at the disposal of ¿he donee ‘for ’ herself and children; or towards her support and her family', orto enable the donee to provide for, or maintain, his children; ****** or where the gift is expressed to be made to the end, or to the intent that the donee should apply it to certain purposes; in all these cases the terms employed have been held sufficient to fasten a trust upon the conscience of the donee, * * * * showing that in every case, the general purpose and intention of the donor, and not the use of one particular term or another, will decide the question, whether a party does, or does not take in a fiduciary character.
It has been held that where property is giyen in terms sufficient to point out an object, or persons to be benefited, the *296 donee will be affected by a trust to accomplish the end designed, unless it appears by plain words or necessary implication that he is intended to have a discretion to defeat it. (c)
In this case the donee is restricted from defeating the design of the testator, by alienation or removal of the slaves, and the property is to be held “ exclusively for the annual support of my said son-and family.” To this end, and this only, is it devoted; and it is no immaterial circumstance that the design is not the support, generally, but the annual support of the parties; showing that it is to be faithfully kept up from year to year without interruption.
The case resembles, but is stronger than the cases of Raikes vs. Ward, and Crockett vs. Crockett.(d) In the first of these twb cases, under a gift by testator to his wife of his residuary personal estate, “ to the intent that she might dispose of the same for the benefit of herself and our children, in such manner as she may deem most advantageous,” it was held that thewife did not take an absolute interest, but one subject to the equities of the children.
In the course of his judgment, the Vice Chancellor reviews most of the cases on the subject, and among them, mentions that of Hamley vs. Gilbert,(e) which case says he, shews, that “ where maintenance of the objects of testator’s favor is one of the purposes of the gift, that is a benefit capable of being measured.”
In Woods vs. Woods,(f) one of the cases referred to, testator devised certain estates by name, with the farming stock and furniture, &c., to his wife, “ to sell, to discharge all his creditors ;” and he constituted her and his brother T. W. his exetors, “ whom I do appoint to sell and dispose of all my estates and chattels, in such manner and form as they shall jointly agree upon ; or not to sell, if it seems most advisable to keep them, or in any way that they shall think proper, so that every *297 creditor have his money; and, if sold, all overplus to my wife, towards her support and her family, if any there be, after paying my brother for his trouble, and all other debts whatsoever.” It was held, upon demurrer, that testator’s children had such an interest in the devised estates as enabled them to sustain a bill against the widow and her co-executor, impeaching a sale on the ground of fraud, and praying an account of the rents and profits.
The Lord Chancellor, after disposing to his satisfaction of some preliminary matter, proceeds, “ it is equally clear that if the contemplated event (a sale) took place, a trust as between the widow and the children,- wohld be created.”
In the present case, there is not only an absence of all discretion on the part of Wm. Wylie, Jr., the legatee to defeat the benefits intended by the testator to his family, but he is restrained from removing or aliening the property, and it is expressly confined to the end designed of supporting them. In such a case, it is impossible, to make anything but a trust out of the dispositions of the will. There can be no reasonable pretence that an absolute interest was intended to be conferred on the legatee named. Whatever he took, he took with a trust to himself and his family; and his creditors have no right to treat the property as his exclusive legal estate, irrespective of the interests of his wife and children.
By these latter observations I mean to intimate that the ' wife and children take an interest under the designation of “ his family.”
In England where the inheritance of real estate is regulated by primogeniture, under a devise to A. and her heirs, in the fullest confidence that after her decease, they will devise the property to my (the testator’s) family, it has been intimated that, if the devise had been to A. for life, and not in fee, with remainder to testator’s family, the remainder would have accrued to testator’s heir at law.(g) But in this State, *298 even if this had been a will of land, the persons designated as the family, are the very persons who now lay their claim before the Court. The same succession obtains with us as to real and personal estate; and the principle, which, in England, carries real estate to the eldest son, carries both real and personal estate here, to wife and children generally.
In Woods vs. Woods (h) an English case mentioned some time ago, when the overplus arising from sale of real and personal estate was directed by the will to the support of testator’s wife and her family, the Lord Chancellor came to speak of the equities as between the wife and her family, and said: “ One point raised upon the will itself was, that if there be a trust at all, it is a trust only for the eldest son. Now the word ‘ family’ is capable of various significations, according to the context. It is obvious that in this passage-the testator was dealing with the surplus of the purchase money after a sale; and the construction contended for, in support of the demurrer, would be, that, after a sale had taken place, although there was a trust for the family, the heir was the only person entitled to receive any benefit from it. The testator, however, was manifestly dealing with the property in contemplation of a certain event, the event, namely, of a sale. I think it is clear, therefore, that in the construction of this will, the expression ‘ family’ cannot be confined to the heir, but that the other children must be considered as also objects of the testator’s bounty.”
Having come to an unhesitating conclusion that there is a trust in this case which extends to the wife and children of William Wylie, Junior, and which prevents the property from being dealt with by his creditors as his legal property; the question is, whether the decree should not have ordered a perpetual injunction, and stopped at that: leaving his creditors to make their claim in equity, as they may be advised, to segregrate his portion or interest in the property and apply it to his debts.
*299 I am decidedly of opinion, such would have been the proper course. Creditors are not to be encouraged to lay hands on trust property, and compel the cestuy que trusts, whom they are thus injuring, to flee into equity and incur the costs and trouble of a bill for their defence. If, when creditors by an aggressive proceeding have driven the cestuy que trusts into this Court, the practice be adopted to decree the creditors as full a remedy as if they had been guilty of no wrong, but had, in the first instance, come here as they should with these equities, asking for ,an equitable remedy, this would be little less than to encourage them, in every case, to take their remedies into their own hands.
The proper practice was pointed out in Rice vs. Burnet, and Joor vs. Hodges, Spear. Eq. 579, 593, and is supported, by a course of reasoning which renders it only necessary to refer to the judgments delivered in those cases.
It is ordered, that the decree be modified so as to order a perpetual injunction against the creditors: leaving them to proceed in this Court on their own behalf, as they may be advised, if they desire to have a portion of the property involved in this suit, corresponding to their debtor’s interests in it, applied to the payment of their demands.
Dunkin and Wardlaw, CC., concurred.
Decree modified.

 1 Yes. and B, 373,

 Hill on Trustees, 65.

 Malim vs. Keighley, 2 ves. jr. 333.

 23 Eng. Ch. Rep., 445, 451.

 Jacob, 354.

 1 Mylne & Craig, 401; S. C. 13, cond. E. Ch. R. 449.

 Wright vs. Atkyns, 1 Turrn. and R., 143, S. C. 11 cond. Eng. Ch. 83.

 1 Mylne Craig 401; 13 Cond. E. Ch. 449.